474 F.2d 694
 UNITED STATES of America ex rel. Fleming WOODARD, Appellee,
v.
STATE OF NEW JERSEY and Howard Yeager, the Principal Keeper
of the State Prison at Trenton, New Jersey State
of New Jersey, Appellant.
 No. 71-1147.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 4, 1972.
Decided April 6, 1972.
Certiorari Denied Oct. 10, 1972.
See 93 S.Ct. 121.
 
 David S. Baime, Asst. Prosecutor, Newark, N. J., for appellant.
 Susan T. Sinis, Asst. Deputy Public Defender, Newark, N. J., for appellee.
 Before HASTIE and MAX ROSENN, Circuit Judges, and McCUNE, District Judge.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This is an appeal by the State of New Jersey from an order of the District Court for the District of New Jersey granting a writ of habeas corpus to Fleming Woodard, a state prisoner who is confined pursuant to a conviction of armed robbery.
 
 
 2
 An in court identification of the accused by Mrs. Almodovar, the victim of the robbery, was a major part of the prosecution's case against Woodard. The evidence showed that after Woodard had been arrested, he was paraded in handcuffs outside Mrs. Almodovar's window for her observation and identification. Woodard did not have counsel at the time of this viewing. At the trial, which occurred after the decisions in United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, Mrs. Almodovar admitted on cross-examination that her in court identification was based in part upon her recollection of the hold-up and in part upon "seeing him for a much longer period of time the next day when he was paraded in front of . . . [her] building." In the light of this admission the district court properly concluded that the in court identification was not independent of the uncounseled exhibition of the accused and, therefore, that under the rule of Wade and Gilbert the conviction to which that identification led could not stand. This reasoning is elaborated in the opinion of the district court and to us it is persuasive.
 
 
 3
 The district court also discussed the possibility that in court identification by Skopaz, a second eyewitness, may also have been influenced by the uncounseled exhibition of the accused. However, the district court did not decide this question, and neither do we. Accordingly, the parties will be free to raise and explore this issue before or during a new trial, if the state shall undertake to try the accused again.
 
 
 4
 The judgment will be affirmed.